IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois company,<br><br>        Plaintiff,<br><br>   vs.<br><br>SUSAN TAYLOR and PAUL TAYLOR,<br><br>        Defendants. | CIVIL NO. 14-00257 DKW-KSC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

The Taylors move to dismiss, requesting that this Court decline to exercise its discretionary jurisdiction over State Farm's Declaratory Judgments Act complaint because the Taylors have a parallel action pending in state court that seeks similar relief. Because there is no federal interest in adjudicating State Farm's complaint, and because the Taylors' state court complaint is broader in both substance and parties as compared to the instant action, the Taylors motion to dismiss is granted.

# BACKGROUND

Mrs. Taylor was injured in an automobile accident on Maui on January 9, 2013. According to State Farm's complaint:

> On or about October 17, 2013, [the Taylors] settled their claims against the adverse driver allegedly responsible for Susan Taylor's accident for the bodily injury . . . limits under the adverse driver's automobile insurance policy.
>
> [The Taylors] have asserted claims for underinsured motorist ("UIM") coverage benefits under six separate insurance policies issued by State Farm[], notwithstanding language in the policies prohibiting the stacking of UIM coverage limits.

Federal Complaint ¶¶ 9–10 (paragraph numbering omitted).

On May 29, 2014, State Farm initiated this action for declaratory judgment, seeking a declaration that the Taylors "are entitled to a single 'per accident' UIM limit of $50,000 under the State Farm policies under which they were insured on the date of the subject accident." Federal Complaint at 5–6.

On June 2, 2014, the Taylors filed a complaint in the Circuit Court of the Second Circuit, State of Hawaii, against State Farm and Chad Santiago Insurance Agency. Decl. of R. Aaron Creps Ex. A ("State Complaint"). In that case, the Taylors allege that, at the time of the accident, they had six automobile insurance policies with State Farm, with underinsured motorist coverage on each policy, and that each policy was "non-stacking." State Complaint ¶¶ 6, 8, 11. The Taylors assert a claim for declaratory judgment, seeking a declaration that State Farm "is

2

obligated to provide $430,000 of underinsured motorist coverage to the[]
[Taylors]." *Id.* ¶ 26. The Taylors' state complaint also asserts claims against State
Farm and the Chad Santiago Insurance Agency for misrepresentation, unfair and
deceptive practices, and breach of fiduciary duty. *Id*. ¶¶ 28–39.

The Taylors move to dismiss State Farm's federal complaint because the
declaratory relief that State Farm seeks is duplicative of the Taylors' more broadly
pled state complaint.

## STANDARD OF REVIEW

The Declaratory Judgments Act provides that "any court of the United
States . . . *may* declare the rights and other legal relations of any interested party
seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). Thus, the Court
has "'unique and substantial discretion in deciding whether to declare the rights of
litigants.'" *MedImmune, Inc. v. Genentech*, 549 U.S. 118, 136 (2006) (quoting
*Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995)). Indeed, "the decision
whether to exercise jurisdiction over a declaratory action lies in the sound
discretion of the district court." *Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d
800, 803 (9th Cir. 2002); *see Gov't Emp. Ins. Co. v. Dizol*, 133 F.3d 1220, 1223
(9th Cir. 1998) (en banc) ("[T]he Declaratory Judgments Act is 'deliberately cast
in terms of permissive, rather than mandatory, authority.'") (quoting *Public Serv.
Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 250 (1952) (J. Reed, concurring))).

In assessing whether a federal court should proceed in a declaratory judgment action, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). "'[A] District Court cannot decline to entertain such an action as a matter of whim or personal disinclination.'" *Dizol*, 133 F.3d at 1223 (quoting *Public Affairs Associates v. Rickover*, 369 U.S. 111, 112 (1962) (brackets in original)). Rather, "if a party properly raises the issue in the district court, the district court must make a sufficient record of its reasoning to enable appropriate appellate review." *Id.* at 1225.

## **DISCUSSION**

Under the doctrine recognized by the Supreme Court in *Wilton*, 515 U.S. at 288, and later expounded upon by the Ninth Circuit in *Dizol*, 133 F.3d at 1223, federal courts may exercise discretion to hear declaratory judgment actions upon consideration of a number of factors, which are commonly known as the "*Brillhart* factors." *See Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942). "The *Brillhart* factors remain the philosophic touchstone for the district court." *Dizol*, 133 F.3d at 1225. These factors include: (1) avoidance of needless determination of state law issues; (2) discouragement of filing a declaratory judgment action as a means of forum shopping; and (3) avoidance of duplicative litigation. *Id.*

4

These factors, however, are not exhaustive, and a district court may consider other factors, including: (1) whether the declaratory action will settle all aspects of the controversy; (2) whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory action is being sought merely for purposes of procedural fencing or to obtain a "res judicata" advantage; and (4) whether the use of a declaratory action will result in entanglement between the federal and state court systems. *Id.* at 1225 n.5. Courts may also consider the convenience of the parties as well as the availability and relative convenience of other remedies. *Id.* at 1225.

In this case, exercising jurisdiction over State Farm's federal declaratory judgment complaint would result in a needless determination of state law. This factor weighs heavily in favor of granting the Taylors' motion:

> "[A] district court needlessly determines state law when: (1) the state law issue in question is the subject of a parallel proceeding; (2) the area of law is expressly left to the states by Congress; and (3) there is no compelling federal interest. When the sole basis for federal jurisdiction is diversity of citizenship, the federal interest is at its nadir and the *Brillhart* policy of avoiding unnecessary declarations of state law is especially strong."

*National Union Fire Ins. Co. v. Simpson Mfg. Co.*, 829 F. Supp. 2d 914, 921–22 (D. Haw. 2011) (quoting *TIG Ins. Co. v. Haseko Homes, Inc.*, 2011 WL 264315, at *10) (D. Haw. Jan. 26, 2011)). Here, both the federal complaint and the state complaint are parallel proceedings because they both seek effectively identical

5

declarations as to the amount of underinsured motorist coverage that the Taylors are entitled to recover as a result of Mrs. Taylor's accident. *See TIG*, 2011 WL 264315, at *13 ("[F]or a parallel proceeding to exist, the actions must arise from the same factual circumstances, there must be overlapping factual questions raised in the actions, or the same issues must be addressed by both actions."). Further, "[i]nsurance law is an area of law that Congress has expressly left to the states." *National Union*, 829 F. Supp. 2d at 922 (citing 15 U.S.C. §§ 1011–1012). Consequently, because the federal complaint is based solely on diversity of citizenship and seeks a declaration concerning state insurance law, there is no federal interest in exercising jurisdiction over the federal complaint.

Further, declining to exercise jurisdiction over the federal complaint is appropriate and prudent in order to avoid duplicative litigation and because resolution of the federal complaint would not resolve all of the claims in the state complaint. As noted above, the declaratory judgment claims in each action are effectively the same. However, if this Court were to exercise jurisdiction and resolve the federal complaint, it would not obviate the need for the state court action. In the state complaint, along with the declaratory judgment claim, the Taylors have asserted claims of misrepresentation, unfair and deceptive practices, and breach of fiduciary duty, all of which are bound up with and related to the question of the Taylors' underinsured motorist coverage. There is also an

6

additional defendant in the state action, who is not a party to the federal action.  In short, along with creating duplicative litigation, adjudicating the federal complaint in its present form would not settle all aspects of the controversy or serve a useful purpose in clarifying the legal relations at issue.  *Dizol*, 133 F.3d at 1225 n.5.

Finally, there is no indication of forum shopping on the part of either party, rendering this *Brillhart* factor as neutral.  "[T]here is no question that both parties seek declaratory relief, and the fact that [State Farm] won the race to the courthouse by several days does not place it in a preferred position."  *Huth v. Hartford Inc. Co. of the Midwest,* 298 F.3d 800, 804 (9th Cir. 2002).  Although "federal courts should generally decline to entertain reactive declaratory actions," *Dizol,* 133 F.3d at 1225, "the order of filing is legally insignificant."  *Huth*, 298 F.3d at 804.  There is no evidence that the state complaint is reactive, particularly given the fact that the declaratory judgment claim is only one of four claims asserted by the Taylors in that case.

Accordingly, upon consideration of the *Brillhart* and *Dizol* factors, the Court concludes that its jurisdiction should not be exercised over State Farm's federal declaratory judgment complaint.

## CONCLUSION

For the foregoing reasons, the Court grants the Taylors' motion and dismisses State Farm's complaint with prejudice. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

DATED: October 9, 2014 at Honolulu, Hawai‘i.



Derrick K. Watson
United States District Judge

---

State Farm v. Taylor; CV 14-00257 DKW/KSC; ORDER GRANTING DEFENDANTS MOTION TO DISMISS